Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | 1:21-CR-02053-SAB |
|---|---|
| Plaintiff, | GOVERNMENT'S TRIAL BRIEF |
| vs. | |
| DAVID ELMO CURRY, | |
| Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael D. Murphy, Assistant United States Attorney for the Eastern District of Washington, hereby submits the Government's Trial Brief.

I.  STATUS OF THE CASE

Trial is scheduled to commence at 9:00 a.m. on December 4, 2023, in Yakima, Washington.

The Government estimates the trial will last three days.  The Government expects to call seven witnesses.

The Defendant is not in custody.

The Government has complied with its discovery obligations and will continue to do so.

## II.  THE CHARGES

### A.  THE INDICTMENT

The Government will be proceeding to trial on the Indictment filed on November 9, 2021 (ECF 1).  By that instrument, is charged with Attempted Enticement of a Minor contrary to 18 U.S.C. § 2422(b) occurring on or about November 16, 2019 (Count 1) and on or between about December 12, 2019 and February 4, 2020 (Count 2).

### B.  APPLICABLE LAW AND ELEMENTS

a.  <u>Elements of Attemped Enticement of a Minor</u>

In order for the Defendant to be found guilty of Attempted Enticement of a Minor as charged in Count 1 of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

First, on or about November 16, 2019, the defendant used the internet, a cellular phone, and a car to knowingly attempt to persuade, induce, entice or coerce an individual to engage in sexual activity, including intercourse; and

Second, the defendant believed that the individual was under the age of 18;

Third, that if the sexual activity had occurred, any person could have been charged with a criminal offense under the laws of Washington State. In Washington State, it is a criminal offense to have sexual intercourse with another who is at least twelve years old but less than fourteen years old where perpetrator is at least thirty-six months older than the victim; and

Fourth, the defendant did something that was a substantial step toward committing the crime.

In order for the Defendant to be found guilty of Attempted Enticement of a Minor as charged in Count 2 of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

First, on or between about December 12, 2019 and February 4, 2020, the defendant used the internet and a cellular phone to knowingly attempt to persuade, induce, entice or coerce an individual to engage in sexual activity, including intercourse; and

Second, the defendant believed that the individual was under the age of 18;

Third, that if the sexual activity had occurred, any person could have been charged with a criminal offense under the laws of Washington State. In Washington State, it is a criminal offense to have sexual intercourse with another

who is at least twelve years old but less than fourteen years old where perpetrator is at least thirty-six months older than the victim; and

Fourth, the defendant did something that was a substantial step toward committing the crime.

A "substantial step" is conduct that strongly corroborated the defendant's intent to commit the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward committing the crime.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

Model Crim. Jury Instr. 9th Cir. 20.29 (2023); Wash. Rev. Code Ann. § 9A.44.076 (West).

### III. SUMMARY OF GOVERNMENT'S EVIDENCE

On or about the evening of November 16, 2019, David Elmo Curry was arrested at a house in Yakima, Washington, which he had travelled to by vehicle from his residence in Kennewick, Washington in order to meet with and have sex with two minor girls. He had arranged the meeting using the internet and cellular telephone text messages, speaking to an undercover law enforcement officer who presented herself as the mother of the fictional children. Defendant arrived at the

home with a bag containing condoms and a flavored sexual lubricant. He was arrested and charged with Attempted Rape of a Child 1st Degree and Attempted Rape of a Child 2nd Degree. Following his arrest, Defendant was interviewed by HSI Special Agent Darren Pitt and Union Gap Police Department Detective Shawn James. After being advised of his rights, Defendant agreed to speak to the investigators and made several statements in the course of an audio and video recorded interview about his response to the undercover officer and his actions that night.

      On December 12, 2019, HSI Task Force Officer Detective William Dramis responded to an ad on "Doublelist!" titled "Want to lick you (kennewick)". Detective Dramis wrote "im younger but ur ad is really awesome". Defendant responded and, within the first few email messages exchanged, learned that Detective Dramis represented that he was "almost 14" and named "Sunny". That same night, in response to a request for a picture from "Sunny" by Defendant, Detective Dramis sent an altered image of an adult female police officer's face. Over the course of approximately two months, until February 4, 2020, Defendant exchanged hundreds of first email and then text messages with Detective Dramis in the "Sunny" persona. Defendant sent images of himself, as well as images of his erect penis, to Detective Dramis. He also proposed meeting times and places as well as sexual activities. At one point, the day before he was supposed to meet

Detective Dramis' persona, Defendant purchased sexual lubricant in a flavor which Detective Dramis' persona indicated "she" would prefer. Detective Dramis went to the Castle store where Defendant purchased the lubricant and obtained copies of the receipt for that purchase, on December 30, 2019, as well as a copy of the receipt for the purchase of lubricant which Defendant had with him when he was arrested on November 16, 2019. Detective Dramis also obtained video from the store's security camera.

## IV. TRIAL NOTICE

The Government requests twenty minutes for opening statement, and forty minutes for closing argument.

## V. LEGAL ISSUES THAT MAY ARISE DURING TRIAL

The evidence available will show that Defendant did not communicate directly with a child, or with a person whom he believed was a child, in the conduct pertaining to Count 1. Instead, he was communicating with a law enforcement officer who was posing as the mother of underage children. The fact that he was communicating with an adult intermediary is not a defense to an attempt to persuade a minor to engage in sexual conduct. Earlier this year, the Ninth Circuit Court of Appeals noted that it had "recently held[,] consistent with

every circuit to consider this issue, that § 2422(b) applies to defendants who use an intermediary in their attempt to coerce minors to engage in unlawful sexual activity." *United States v. Eller*, 57 F.4th 1117, 1120 (9th Cir. 2023) (citing *United States v. Macapagal*, 56 F.4th 742, 744 (9th Cir. 2022)). Further, actual sexual activity with a minor is not required for a violation of the statute. The Ninth Circuit Court of Appeals "agree[s] with the Third, Sixth, and Tenth Circuits that, when a defendant initiates conversation with a minor, describes the sexual acts that he would like to perform on the minor, and proposes a rendezvous to perform those acts, he has crossed the line toward persuading, inducing, enticing, or coercing a minor to engage in unlawful sexual activity." *United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007). The statute focuses on the intended effect on the minor and criminalizes the "attempt to achieve the mental act of assent," regardless of whether any physical acts occur. *Id.* at 1236.

Telephone or internet correspondence is considered a facility or means of interstate commerce. *United States v. Dhingra*, 371 F.3d 557, 560 (9th Cir. 2004), *United States v. Barlow*, 585 F.3d 215, 220 (5th Cir. 2009)("it is beyond debate that the Internet and email are facilities or means of interstate commerce"); *United States v. Giordano*, 442 F.3d 30, 39-40 (2d Cir. 2006) (cell phones are a facility or means of interstate commerce). Defendant used telephone or internet correspondence as well as travelling within the state of Washington with an

Government's Trial Brief                             7

automobile prior to arriving in Yakima, Washington on November 16, 2019 and used telephone or internet correspondence in his communications with Detective Dramis.

Defendant has noted an intent to argue an entrapment defense. ECF 65, p. 13. The jury should be instructed that a minor's (or intermediary's) willingness to engage in sexual activity is irrelevant to the elements of the crime. *Macapagal*, 56 F.4th at 747 ("The district court, however, correctly instructed the jury that '[a] minor's willingness to engage in sexual activity ... is irrelevant to the elements of Title 18, United States Code, Section 2422(b).'"). In order to be entitled to an entrapment instruction, Defendant will have to point to some evidence that a government agent induced him to commit an illegal act that he was not predisposed to commit. *United States v. Marbella*, 73 F.3d 1508, 1512 (9th Cir. 1996). Inducement is any government conduct creating a substantial risk that an otherwise law-abiding citizen would commit an offense but requires more than an expressed willingness to participate in a criminal transaction. *United States v. Sandoval-Mendoza*, 472 F.3d 645, 648 (9th Cir. 2006); *United States v. Poehlman*, 217 F.3d 692, 701 (9th Cir. 2000) ( "Where government agents merely make themselves available to participate in a criminal transaction, such as standing ready to buy or sell illegal drugs, they do not induce commission of the crime…. An 'inducement' consists of an 'opportunity' plus something else—typically, excessive pressure by

the government upon the defendant or the government's taking advantage of an alternative, non-criminal type of motive.").

      The United States anticipates introducing portions of the email exchanges and text message exchanges between Detective Dramis and Defendant. In addition, the United States anticipates introducing portions of the statement Defendant made while in custody on November 16, 2019. The portions of Defendant's recorded statement, as well as Defendant's email and text messages, should be admitted subject to a proper foundation being laid pursuant to Fed.R.Evid. 801(d)(2)(A) as statements by a party opponent. Introduction of Defendant's entire statement is not required pursuant to Fed.R.Evid. 106. *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) ("The Rule does not, however, require the introduction of any unedited writing or statement merely because an adverse party has introduced an edited version. Rather, it is often perfectly proper to admit segments of prior testimony without including everything, and adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them.")(quotation omitted). If the complete statement does not serve to correct a misleading impression in the edited statement that is created by taking something out of context, Fed.R.Evid. 106 does not require admission of the full statement. *Id.*

## VI. EXPERT TESTIMONY

The United States will not introduce any expert testimony in this case.

DATED this 27th day of November, 2023.

>
> VANESSA R. WALDREF
> United States Attorney
>
> s/ Michael D. Murphy
> MICHAEL D. MURPHY
> Assistant United States Attorney

I hereby certify that on November 27, 2023 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the counsel of record in this case.

                s/Michael D. Murphy
                MICHAEL D. MURPHY
                Assistant United States Attorney
                United States Attorney's Office
                402 E. Yakima Avenue, Suite 210
                Yakima, WA 98901
                Phone: (509) 454-4425