Craig D. Webster
Federal Defenders of Eastern Washington & Idaho
306 E. Chestnut Ave.
Yakima, Washington 98901
(509) 248-8920

Attorney for Defendant
David Elmo Curry

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Stanley A. Bastian

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> v. <br><br> David Elmo Curry, <br><br> Defendant. | No. 1:21-CR-2053-SAB <br><br> **Trial Brief** <br><br> Jury Trial <br> December 4, 2023, 8:30 a.m. <br> Yakima, Washington |

The defendant, David Elmo Curry, hereby submits his trial brief in advance of the jury trial set on December 4, 2023.

## Alleged Offenses, Status of the Case

Mr. Curry is charged in a two-count Indictment with Count 1 – Attempted Enticement of a Minor, in violation of 18 U.S.C. §§ 2422(b), and with Count 2 – Attempted Enticement of a Minor, in violation of 18 U.S.C. §§ 2422(b). Count 1 is alleged to have occurred on November 16, 2019. As part of the Netnanny multiple agency sting operation, Detective Morgan posted an ad on Craig's List. Mr. Curry responded to the ad in

Trial Brief: 1

the hope of paying an adult female for sexual intercourse with said adult female. Detective Morgan posing as the mother of two children (11 and 13) and seeking an adult male to provide her children with the same type of favorable sexual treatment that she received growing up, quickly steered the sexual activity towards her made up children. Mr. Curry ultimately was arrested at the sting house with the requested lube and condoms. Mr. Curry was arrested and charged in Yakima County Superior Court. Mr. Curry anticipates presenting a general denial and/or entrapment defense at trial in relation to Count 1.

Count 2 is alleged to have occurred on or between December 12, 2019, and February 4, 2020. Mr. Curry posted an ad on the online adult dating website Doublelist looking for casual sex with an adult female. HSI Special Agent Dramis responded to the ad pretending to be a 13-years old female. The two adults engaged in (at times sexually explicit) an email and text message exchange for approximately 2 ½ months until Mr. Curry stopped responding to Detective Dramis' messages. Though discussed, no meeting for sexual intercourse ever took place. Mr. Curry intends on presenting a general denial and/or entrapment defense at trial in relation to Count 2.

Trial Brief: 2

Mr. Curry is the only potential defense witness, should he choose to testify. Additionally, the defendant has reserved the right to call the government's witnesses if necessary to present its case-in-chief. The defense is relying upon the subpoenas of the government. The evidence largely consists of the email/text message exchanges, exchanged photographs, and the recorded post-miranda audio/video recording of Mr. Curry.

The case is currently set for a jury trial on December 4, 2023, in Yakima, Washington. The defense anticipates that the trial will last 3-4 days. Mr. Curry is out-of-custody and lives in Clarkston, Washington.

Defense has requested that the government provide the unaltered/unfiltered photograph of a female Kennewick Detective that was exchanged in an altered/filtered state to appear as the 13-years old female as a part of the government ruse in Count 2. The government originally provided defense with a redacted altered/filtered version of the photograph. Upon request the government subsequently provided the defense with an unredacted altered/filtered version of the photograph. The defense anticipates that the government will provide the requested photograph before trial if it exists. Otherwise, it is counsel's

understanding that the government has provided all of the discovery in its possession.

## Anticipated Factual and Legal Issues

The defense anticipates that the evidence presented for Count 1 will revolve around the communication between Detective Morgan and Mr. Curry. There were written communications in the form of email and texts. Additionally, photos were exchanged. Mr. Curry arrived at the sting house, was arrested, searched incident to arrest, and interviewed post-*Miranda*. From a defense standpoint there is sufficient evidence to support both a general denial and an entrapment defense. The case law is clear that a defendant does not need to concede that he committed the crime in order to be entitled to an entrapment instruction.[1] Furthermore, the defendant is entitled to present his theory of defense and only slight evidence raising the issue of entrapment is necessary to entitle the defendant to submit it to the jury.[2]

---

[1] *See United States v. Demma,* 523 F.2d 981, (9th Cir. 1975); *cf. United States v. Paduano,* 549 F.2d 145, 148 (9th Cir. 1977).

[2] *See United States v. Gurolla,* 333 F.3d 944, 951 (9th Cir. 2003).

Trial Brief:  4

Similar to Count 1, the defense anticipates that the evidence at trial for Count 2 will revolve mainly around the exchanged communication between Detective Dramis and Mr. Curry. There were emails, text messages, photographs, and videos exchanged between the two starting as early as December 12, 2019, shortly after Mr. Curry was arrested and charged in Yakima County Superior Court as part of the multi-agency Netnanny investigation. Mr. Curry believes that there is sufficient evidence to support both a general denial and/or entrapment defense. Mr. Curry anticipates that the evidence presented at trial will show a lack of predisposition to commit the crime(s) prior to contact by government agents as well government inducement. When an entrapment defense is sufficiently raised then it becomes a complete defense. One in which the government must prove that the defendant was not entrapped beyond a reasonable doubt.

## Proposed Final Jury Instructions

Mr. Curry has filed his proposed Final Jury Instructions. There is concern from a defense perspective that the jury will be confused by the jury instructions. The defense has provided slight modifications to the Ninth Circuit Model Jury Instructions where necessary to provide the

Trial Brief:  5

jury with a better understanding and clarification. Additionally, the defense has proposed additional instructions to define words for the jury.[3] While the Court is not required to provide additional definitions for the terms (persuade; induce; entice; coerce) it seems prudent to do so.[4]

It is important for the jury to understand what the crime in fact is. "In attempt cases, the crime at issue is "attempting to persuade, induce, entice, or coerce [a minor] to engage in sexual activity with him—not…attempting to engage in sexual activity with [a minor]."[5] The defendant's proposed jury instructions attempt to avoid the misapplication of the law by the jury.

Finally, as noted above, the defense anticipates that it will be able to meet the low threshold of "slight evidence" necessary to receive an Entrapment Instruction for both counts.[6] Additional language has been proposed in the Entrapment instruction to address a statement made by

---

[3] *See* ECF No. 88 at pgs. 30-33.

[4] *See United States v. Dhingra,* 371 F.3d 557, 567 (9th Cir. 2004).

[5] *See* Model Crim. Jury Instr. 9th Cir. 20.29 (2023) (Comment), (citing *United States v. McCarron,* 30 F.4th 1157, 1163 (9th Cir. 2022).

[6] *See United States v. Gurolla,* 333 F.3d 944, 951 (9th Cir. 2003).

Trial Brief:  6

the defendant in his post-*Miranda* interview which the defense anticipates will be presented in the government's case-in-chief.[7]

### Trial Notice – Voir Dire

Defense counsel anticipates that based on the nature of the charges that additional time will be necessary for Voir Dire. For sensitive matters a potential juror may request to be interviewed without the rest of the jury panel present. Furthermore, Defense Counsel requests that time be allotted for the parties to question the jury panel during Voir Dire in addition to questions by the Court.

Dated: November 27, 2023.

By s/ Craig D. Webster
Craig D. Webster,
WSBA# 40064
Federal Defenders of Eastern
Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118 fax
Craig_Webster@fd.org

---

[7] *See* ECF No. 88 at pgs. 34, 36.

Trial Brief: 7

## Certificate of Service

I hereby certify that on November 27, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following: Michael D. Murphy, Assistant United States Attorney.

s/ Craig D. Webster
Craig D. Webster
