Craig D. Webster
Federal Defenders of Eastern Washington & Idaho
306 E. Chestnut Ave.
Yakima, WA 98901
(509) 248-8920

Attorney for Defendant
David Elmo Curry

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
The Honorable Stanley A. Bastian

| | |
|---|---|
| United States of America, | No.  1:21-CR-2053-SAB |
| Plaintiff, | **Motion for Judgment of Acquittal and Motion for New Trial** |
| v. | |
| David Elmo Curry, | **Without Oral Argument March 18, 2024, 6:30 p.m.** |
| Defendant. | |

David Elmo Curry hereby moves this Court for a judgment of acquittal under Federal Rule of Criminal Procedure 29 because the evidence at trial was insufficient to sustain his convictions on both Count 1 and Count 2, Attempted Enticement of a Minor.[1] Additionally, Mr. Curry moves for a new trial in the interest of justice under Federal Rule of Criminal Procedure 33 because justice requires such.  Mr. Curry's motions are timely.[2]

---

[1] *See* ECF 1; ECF 105.
[2] Fed. R. Crim. Pro. 29(a), (c); Fed. R. Crim. Pro. 33(b)(2); ECF No. 112.

Motion for Judgment of Acquittal and Motion for New Trial:  1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## Applicable Law—Motion for a Judgment of Acquittal

Pursuant to Rule 29(a), "...the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."[3]  The Court must view the evidence in a light most favorable to the government and determine whether any "'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"[4] With regard to the credibility of witnesses and conflicting evidence, the Court should assume the jury "resolve[d] all such matters in a manner which would support the verdict."[5]

## Applicable Law—Motion for a New Trial

Following trial, the Court may vacate a jury's guilty verdict and order a new trial "if the interest of justice so requires."[6] "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal."[7] Specifically, the Court "'need not view the evidence in the light most favorable to the verdict'" when

---

[3] Fed. R. Crim. Pro. 29(a)
[4] *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).
[5] *United States v. Nelson*, 419 F.2d 1237, 1241 (9th Cir. 1969).
[6] Fed. R. Crim. Pro. 33(a).
[7] *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992).

ruling on a motion for a new trial.[8] Additionally, the Court "'may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses.'"[9] After evaluating the evidence for itself, if the Court feels "'the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury'" even if the evidence is otherwise sufficient to sustain the verdict.[10]

## Argument

The United States charged Mr. Curry in a two-count indictment with Attempted Enticement of a Minor.[11]  For both Counts 1 and 2, the plaintiff had to prove the following elements beyond a reasonable doubt:

> "A §2422(b) attempt conviction requires proof of the following beyond a reasonable doubt:  the defendant must have "knowingly (1) attempted to (2) persuade, induce, entice, or coerce (3) a person under 18 years of age (4) to engage in sexual activity that would constitute a criminal offense."

---

[8] *Alston*, 974 F.2d at 1211 (*quoting United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

[9] *Alston*, 974 F.2d at 1211 (*quoting Lincoln*, 630 F.2d at 1319).

[10] *Alston*, 974 F.2d at 1211-12 (*quoting Lincoln*, 630 F.2d at 1319).

[11] *See* ECF 1.

Motion for Judgment of Acquittal and Motion for New Trial:  3

1

2

*United States v. Eller,* 57 F.4th 1117, 1119 (2023).[12]

Furthermore, because it is an attempt crime,

3

4

5

6

7

8

9

"An attempt conviction requires evidence that the defendant intended to violate the statute and took a substantial step toward completing the violation.  To constitute a substantial step toward the commission of a crime, the defendant's conduct must (1) advance the criminal purpose charged, and (2) provide some verification of the existence of that purpose.  Moreover, a defendant's actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances."

10

*United States v. Eller,* 57 F.4th 1117, 1119-20 (2023).[13]

11

12

13

14

Count 1 and Count 2 presented unique challenges.  For the following reasons, both counts failed to meet the sufficiency of evidence standard required to sustain a guilty verdict.

15

16

### Count 1

17

18

19

20

21

22

In Count 1, the government presented evidence that on November 16, 2019, Mr. Curry responded to a Craigslist online advertisement via email.[14]  The advertisement was part of the Netnanny Sting operation. Detective Makayla Morgan of the WSP was acting in an undercover

23

24

25

---

[12] *United States v. Eller,* 57 F.4th 1117, 1119 (2023), citing *United States v. McCarron,* 30 F.4th 1157, 1162 (9th Cir. 2022).

[13] *United States v. Eller,* 57 F.4th 1117, 1119-20 (2023) (internal quotations and citation omitted).

[14] *See* ECF No. 103-1; Plaintiff's Exhibit 13.

capacity as Kelli Morton. Detective Morgan presented herself as a mother with two minor daughters and engaged in emails and text messages with Mr. Curry. The entirety of the messages between Mr. Curry and Detective Morgan were presented and admitted into evidence at trial.[15]

Nowhere in the email chain or text chain between Detective Morgan and Mr. Curry does Mr. Curry ever use an instrument of interstate commerce to attempt to persuade, induce, entice, or coerce a Minor to engage in sexual activity constituting a criminal offense. In fact, Mr. Curry never communicates directly (or indirectly) with a (real or fictional) minor during Count 1. Nor does Mr. Curry ever use an adult intermediary to communicate indirectly with a (real or fictional) minor. And while it is possible for an adult intermediary to violate the statute the facts in this case are not sufficient to meet that situation. Detective Morgan is never used in any manner to communicate with the minors at the direction of Mr. Curry.

For example, in *United States v. Eller,* an adult intermediary was used to negotiate a sexual transaction with minors violating the

---

[15] *See* Exhibits 104 & 105.

statute.[16]    In *Eller,* the defendant made unequivocal and repeated requests insisting that children appear in the sexually explicit livecam, videos, and photos.[17]    The defendant detailed the sexual acts that they should perform and haggled over price.[18]    The defendant negotiated that minor children be used (as opposed to adults) and threatened to walk-away from the transaction when the intermediary initially declined the request.[19]    The defendant wired a Western Union transaction for $90 upon agreement.[20]

The defendant engaged in multiple exchanges with the intermediary.[21]    The defendant repeatedly asked questions about the children's ages, made requests for children as young as 5 years old to participate, and described the sexual acts that he wanted performed.[22] This request included a request for sexual activity that would cause

---

[16] *United States v. Eller,* 57 F.4th 1117 (2023).
[17] *United States v. Eller,* 57 F.4th 1117, 1119 (2023).
[18] *United States v. Eller,* 57 F.4th 1117, 1119 (2023).
[19] *United States v. Eller,* 57 F.4th 1117, 1119 (2023).
[20] *United States v. Eller,* 57 F.4th 1117, 1119 (2023).
[21] *Id.*
[22] *Id.*

1
2

"marks from the pain."[23]   The defendant sent money on at least four separate occasions.[24]

3
4

Mr. Curry's case regarding Count 1, presents the opposite scenario.

5

In Mr. Curry's case, at all times Mr. Curry followed the lead of Detective

6
7

Morgan.  For example, Mr. Curry responded to the ad asking Detective

8

Morgan what she was looking for, with the idea of paying the adult

9

woman for sex.[25]  It is Detective Morgan that requested that Mr. Curry

10

have sexual activity with minors.  Mr. Curry never made that request of

11
12

Detective Morgan.  Mr. Curry never requested that Detective Morgan

13

allow him to have sexual activity with her daughters.  It was always

14

Detective Morgan that steered Mr. Curry to her daughters.[26]

15
16

Additionally, Mr. Curry's response to Detective Morgan's request

17

that Mr. Curry help teach her girls what her and her sister had been

18
19

taught, was that it was not something that he had done before but that

20
21
22
23
24
25

---

[23] *Id.*
[24] *Id.*
[25] *See* Gov'ts Ex. 13, Bates 158.  "I'm male.  34 chubby what are you looking for?" and "….Basically you need extra cash for the holidays and willing to have sex with me? Cause if so I would be interested in that……"
[26] *See* Exhibits 104 & 105.

Motion for Judgment of Acquittal and Motion for New Trial:  7

he was willing to help out.[27]  Mr. Curry did not offer or negotiate payment for sexual activity with the minor children.  Detective Morgan asked Mr. Curry what he was comfortable with and stated what she was comfortable with setting the limits and parameters.[28]  Detective Morgan insisted on condoms and requested that Mr. Curry bring condoms and lubricant.[29]  When Mr. Curry showed up to the residence he continued to follow Special Agent Hart's directions.   Mr. Curry never made any movement that was not at the direction of either Detective Morgan or Special Agent Hart.  As Special Agent Hart testified in trial, once in the house, Mr. Curry in no way attempted to communicate with the pretend children.[30]

In sum for Count 1, in no way did Mr. Curry ever use an instrument of interstate commerce to communicate with a minor in an effort to persuade, entice, induce, or coerce a minor to engage in criminal sexual activity.

---

[27] *See* Gov'ts Ex. 13, Bates 159 (13-002).  "…honestly im looking for someone to help teach my girls like my dad taught my sister and I he started when we were 3 and 4…." And "It is not something I have done before.  I am willing to help you out…."
[28] *See* Ex. 105, Bates 87.
[29] *See* Ex. 105, Bates 87-88.
[30] *See* ECF No. 14 at pg. 13 of 199.

Motion for Judgment of Acquittal and Motion for New Trial:  8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

      Mr. Curry's case is distinguishable from *Eller* and is more analogous to *United States v. Nitschke.*[31]  In *Nitschke,* the detective acting in an undercover capacity was monitoring a social-networking site.[32]  The defendant responded to the detective's suggestive profile, and they engaged in a private online chatroom chat.[33]  The two engaged in a chat in which the detective offered for the defendant to join him, for his scheduled meeting, at his residence for sex with his 13 year old "lil perv boy."[34]  They discussed what they were comfortable with and willing to do.[35]  The defendant only had contact with the detective and similar to Mr. Curry did not use the detective as an intermediary to attempt to persuade, induce, entice, or coerce the pretend minor to engage in criminal sexual activity.[36]  The defendant and detective discussed a rendezvous point via text message and the defendant was arrested after arriving at the pre-arranged address.[37]

---

[31] *U.S. v. Nitschke,* 843 F.Supp.2d 4 (2011).
[32] *U.S. v. Nitschke,* 843 F.Supp.2d 4, 6 (2011).
[33] *U.S. v. Nitschke,* 843 F.Supp.2d 4, 6 (2011).
[34] *U.S. v. Nitschke,* 843 F.Supp.2d 4, 6 (2011).
[35] *Id.*
[36] *Id.* at 6-7.
[37] *Id.* at 7.

The Court first focused on "whether a reasonable juror could find, under the stipulated facts, that Defendant *intended* to persuade or entice a minor in his internet chat."[38]  The Court noted as an initial matter that the criminal intent criminalized by § 2422(b) is the intent to persuade, induce, entice, or coerce a minor, not the intent to have sex with a minor.[39]  Furthermore, the Court analyzed that the intent to persuade must be an intent to persuade using a means of interstate commerce.[40] The Court further stated,

> "As the Eleventh Circuit explained, "Combining the definition of attempt with the plain language of § 2422(b), the government must first prove that [defendant], *using the internet,* acted with the specific intent to persuade, induce, entice, or coerce a minor to engage in unlawful sex."  The statute thus does not criminalize an intent to persuade at some later point in person."

*U.S. v.Nitschke,* 843 F.Supp.2d 4, 11 (2011).[41]

The Court answered this initial question by holding:

> "Given these legal requirements, the undisputed facts here do not establish an intent to persuade, induce, entice, or coerce a minor using a means of interstate commerce.  First, there are no facts that prove—and the government does not even argue—that Defendant intended to *directly* persuade a minor through means of interstate commerce.  As the chat transcripts make clear,

---

[38] *Id.* at 10.  (emphasis in original)
[39] *Id.* at 11.
[40] *Id.* at 11.
[41] *Id.* at 11.  (internal citations omitted)

Motion for Judgment of Acquittal and Motion for New Trial:  10

1
2
3
4

Defendant only communicated with Detective Palchak who never stated or implied that he was anything other than an adult. The question, therefore, is whether Defendant intended to *indirectly* persuade a minor through Palchak. The undisputed facts show he did not."

5

*U.S. v. Nitschke,* 843 F.Supp.2d 4, 11 (2011).[42]

6
7
8
9
10
11
12
13
14
15
16
17
18
19

The Court addresses other circuits, cases on the issue and establishes the idea that "the defendant's persuasion must affect the minor, even if indirectly. In other words, the defendant must in essence be asking the adult to persuade the minor, thereby constituting indirect persuasion."[43] The Court notes, "The theory behind these cases is that the defendant's communications through the adult intermediary sought to cause the assent of the minor to the defendant's proposals. The focus is on the intent of the defendant through his communications to influence the child's assent. Given the undisputed facts here, no reasonable juror could find that Defendant intended to cause the minor to assent."[44]

20
21
22
23

The Court also addressed the issue of a substantial step.[45] The Court noted that "[a] substantial step towards violating § 2422(b) must

24
25

---

[42] *Id.* at 11. (emphasis in original)
[43] *Id.* at 12. (internal citations omitted)
[44] *Id.* at 13.
[45] *Id.* at 14-15.

necessarily be a step towards persuading, enticing, inducing, or coercing a minor via means of interstate commerce."[46]   The Court looked at the defendant's communications by themselves and noted that "there is similarly nothing to show a substantial step in enticing a minor."[47]   In disagreement with the Ninth Circuit, was not persuaded by *United States v. Meek,* 366 F.3d 705, 720 (9th Cir. 2004), and concluded that,

> "The analysis of the travel in these cases is neither binding on this Court nor persuasive.  First, only *Kaye* suggests that travel by itself may constitute a substantial step, but that court never actually had to decide.  In fact, every case cited by the Government included communications that evidenced the defendant's attempt to persuade.  Second, and more fundamentally, travel ultimately has nothing to do with this crime.  A § 2422(b) violation occurs, if at all, before any travel is undertaken; indeed, no travel is even necessary.   The crime is complete with the persuasion or attempted persuasion, both of which are necessarily confined to the interstate communications between defendant and the minor or an adult intermediary.  Travel for a face-to-face meeting thus cannot be a substantial step because such face-to-face persuasion is not criminalized.
>
> As the Court finds that the undisputed facts demonstrate, as a matter of law, that Defendant did not take a substantial step towards violating § 2422(b), he could not have attempted to violate that statute."

*U.S. v. Nitschke,* 843 F.Supp.2d 4, 15-16 (2011).[48]

---

[46] *Id*. at 15.  (internal citation omitted)
[47] *Id*. at 15.
[48] *Id*. at 15-16.  (internal citations omitted)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Turning back to Mr. Curry's case.   Mr. Curry made no communications neither directly nor indirectly with a minor.  Nor did Mr. Curry communicate with the adult intermediary in an effort to persuade, induce, entice, or coerce the minors to assent to criminal sexual activity. In Count 1, Mr. Curry's travel does not amount to a substantial step as a matter of law.  As such, Mr. Curry's Rule 29 motion as to Count 1 should be granted.

## Count 2

In Count 2, the evidence showed sexually explicit communications via email and text message between Mr. Curry and Detective Dramis.[49] Detective Dramis was engaged in undercover work acting in the persona of a 13-year-old girl named Sunny.  Mr. Curry testified to believing that he was communicating with an adult officer.[50]   The communications started on December 12, 2019, when Detective Dramis responded to Mr. Curry's Doublelist! Ad.[51]  Mr. Curry's last communication with Detective

---

[49] *See* Exhibits 109 & 110.
[50] *See* ECF No. 115 at Bates 383 (pg. 22 of 116).
[51] *See* Exhibit 103.

Motion for Judgment of Acquittal and Motion for New Trial:  13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Dramis was on February 4, 2020.[52]  Detective Dramis's last attempt at communication with Mr. Curry was on April 17, 2020.[53]

The testimony and evidence at trial showed discussions about multiple meet-ups between Mr. Curry and Detective Dramis both before and after Mr. Curry bought lubricant on December 30, 2019 at Castle Megastore.[54]

The government presented the theory at trial, that Mr. Curry's purchase of the same flavor of lubricant on December 30, 2019, discussed previously in line with a discussed meet-up set for December 31, 2019, represented the substantial step toward committing the crime in Count 2.  Finally, the government argued that the text message(s) sent by Mr. Curry to Detective Dramis that his mother was in the hospital so he could not make the meet-up was evidence that the crime would have been committed but for the interruption by these independent circumstances on December 31, 2019.[55]

The jury convicted on this theory for Count 2.

---

[52] *See* Exhibit 110 at Bates 65 (pg. 63 of 64).
[53] *Id*.; ECF No. 114 at Bates 317 (pg. 155 of 199).
[54] *See* Exhibit 110; ECF No. 114 at Bates 317-18 (pgs. 155, 156 of 199).
[55] *See* Ex. 110 at Bates 29.  (pg. 27 of 64)

Motion for Judgment of Acquittal and Motion for New Trial:  14

1    Under the circumstances, the evidence is not sufficient to support

2  this theory.  As noted before, to support an attempt conviction, the

3  evidence must show that the defendant intended on violating the statute

4  and took a substantial step toward completing the violation.[56]  "To

5  constitute a substantial step toward the commission of a crime the

6  defendant's conduct must (1) advance the criminal purpose charged, and

7  (2) provide some verification of the existence of that purpose."[57]

8  Furthermore, mere preparation is not enough.[58]  The defendant must

9  cross the line into unequivocally demonstrating that the crime will take

10 place unless interrupted by independent circumstances.[59]

11    The testimony and evidence at trial showed that communication

12 between Mr. Curry and Detective Dramis continued for approximately

13 five additional weeks until Mr. Curry's last response on February 4,

14 2020.[60]  There was an additional 35 pages of text message

15 communications during that period of time.[61]  Additional meet-ups were

16 discussed with Mr. Curry making excuses throughout not to meet up with

---

[56] *United States v. Eller,* 57 F.4th 1117, 1119-20 (2023).

[57] *United States v. Eller,* 57 F.4th 1117, 1119-20 (2023).

[58] *Id.*

[59] *Id.*

[60] *See* Ex. 110 at Bates 65. (pg. 63 of 64)

[61] *See* Ex. 110 at Bates 30-65.

1
2
3
4
5

Sunny. There was no evidence of a lack of opportunity for Mr. Curry to meet with Sunny. Based on that evidence, the purchase of lubricant by Mr. Curry from Castle Megastore on December 30, 2019, can represent no more than mere preparation.

6
7
8
9
10
11
12
13
14
15
16

The evidence, including Mr. Curry's testimony at trial, show that Mr. Curry did not have the intent to persuade Detective Dramis into having criminal sexual activity with him. The evidence reflects the fact that Mr. Curry did not have the intent to persuade Detective Dramis because he never had the intent to follow through with the actual sexual activity. This is consistent with Mr. Curry's testimony at trial. Therefore, the Court should grant Mr. Curry's Rule 29 motion in regards to Count 2.

17
18
19

Therefore, in both counts, Mr. Curry's Motion for a Judgment of Acquittal on Count 1 and Count 2 of the indictment should be granted.

20

## Interest of Justice

21
22
23
24

Based on the argument above, if the Court were not to grant the defendant's Rule 29 motion then it would be in the interest of justice to grant the defendant's Motion for a New Trial pursuant to Rule 33.[62]

25

---

[62] Fed. R. Crim. Pro. 29; Fed. R. Crim. Pro. 33.

1
2
3
4

Additionally, the defendant moves the Court to grant a Motion for a New Trial for both counts pursuant to Rule 33(a).[63]  It is in the interest of justice for the Court to do so.

5
6
7
8
9
10
11
12
13
14
15
16
17

Prior to trial the defendant was excluded from presenting evidence at trial related to his diagnosis of Autism Spectrum Disorder, level 1.  Over the defendant's objection, the Court granted the government's motion to exclude Expert Testimony which precluded the defense from calling Dr. Carter to testify in relation to Mr. Curry's mental defect (Autism Spectrum Disorder, level 1).  The defense was also prevented from Dr. Carter testifying to testing she conducted showing a lack of a predisposition to have sexual contact with minors.  Dr. Carter's testimony was relevant and necessary to support Mr. Curry's general denial and entrapment defenses.

18
19
20
21
22
23
24
25

The jury did not hear testimony regarding Mr. Curry's autism. Without this information they had an incomplete understanding of the events that took place.  Mr. Curry's autism impacts how he thinks, communicates, and behaves.  The jury needed Dr. Carter's expert testimony to provide that context so that they could make an accurate

---

[63] Fed. R. Crim. Pro. 33(a).

finding of guilt or innocence.  Without that context and knowledge, they were lacking material information, and were required to engage in the fact-finding process based on an incomplete understanding of the evidence.

Furthermore, Mr. Curry was precluded from arguing an entrapment defense.  This relieved the government of proving this element beyond a reasonable doubt.  Mr. Curry should have been free to present both a general denial defense and an entrapment defense.[64]  "As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor."[65]  A defendant is legally permitted to present inconsistent defenses at trial.[66]

Evidence at trial was sufficient to allow Mr. Curry to present an entrapment defense and for the jury to be so instructed.  Only slight evidence is necessary for submission of the issue to the jury.[67]  The defendant proposed the Model 9th Circuit Jury Instruction for

---

[64] *See Mathews v. U.S.,* 485 U.S. 58 (1988).

[65] *Mathews v. U.S.,* 485 U.S. 58, 64 (1988).  (internal citation omitted)

[66] *Mathews v. U.S.,* 485 U.S. 58, 64 (1988). (internal citation omitted);  *See also, United States v. Demma,* 523 F.2d 981, 982 (9th Cir. 1975); *U.S. v. Spentz,* 653 F.3d 815 (2011).

[67] *See United States v. Gurolla,* 333 F.3d 944, 951 (9th Cir. 2003); *See also United States v. Becerra,* 992 F.2d 960, 963 (9th Cir. 1993).

Entrapment with additional language addressing the legal issue of fantasies.[68]  Evidence at trial was legally sufficient for the entrapment instruction and therefore was required to be given.

There was evidence at trial to support the fact that Mr. Curry was not predisposed to commit the crime prior to initial contact with the government agents.  The Ninth Circuit lays out 5 factors in determining predisposition.[69]  The first factor asks whether the defendant demonstrated reluctance.  The evidence clearly supports this.  For example, in Exhibit 105, Mr. Curry directly raises his reluctance by stating, "This will be my first time doing something like this.  This isn't a setup of any kind right that's the only thing that's bugging me".[70]  Fear of breaking the law is sufficient evidence of reluctance to commit the crime.  "Predisposition is inseparable from the risk-reward calculation a person might make.  Our criminal-law system assumes that some people choose not to commit crimes not because they are moral but because the fear of punishment trumps the hope for reward or pleasure."[71]  "The

---

[68] *See Model Crim. Jury Instr. 9th Cir. 5.2 (2022); ECF No. 88 at pg. 25.*
[69] *See Model Crim. Jury Instr. 9th Cir. 5.2 (2022); See also United States v. Thickstun,* 110 F.3d 1394, 1396-97 (9th Cir. 1997); *United States v. McClelland,* 72 F.3d 717, 722 (9th Cir. 1995).
[70] *See* Ex. 105 at Bates 87 (pg. 3 of 7).
[71] *United States v. Anderson,* 55 F.4th 545, 553 (7th Cir. 2022), (citing *Jacobson,* 503 U.S. at 551, 112 S.Ct. 1535 (1992).

specific reason a defendant was reluctant to commit the offense does not matter.  The reason need not be noble or moral.  What matters is whether the defendant was reluctant to commit the offense at all."[72]

The second factor is the defendant's character and reputation.  Mr. Curry testified that he had never been convicted of a crime nor engaged in sexual relations with a minor.[73]    Additionally, multiple officers testified to Mr. Curry not being on their radar (or HSI's) prior to these incidents.  This is sufficient evidence.

The third factor is whether the government agents initially suggested the criminal activity.  The evidence supports this.  For example, both Exhibits 104 and 105, establish that Detective Morgan initiated the desire for her daughters to have criminal sexual activity with Mr. Curry. In response to Mr. Curry asking Detective Morgan what she was looking for, she responded, "am a mom of two girls 11 and 13.  I grew up in a very close family and my dad took very good care of me and my sister.  Im [*sic*] single and thing [*sic*] its time for my girls to have the same experience I had growing up.  Im [*sic*] talking about real taboo here so if that's not for

---

[72] *United States v. Anderson,* 55 F.4th 545, 553 (7th Cir. 2022).
[73] *See* ECF No. 115 at Bates 373, 374 (pg. 12, 13 of 116).

Motion for Judgment of Acquittal and Motion for New Trial:  20

you please don't judge and just move on.  This is 100% real deal  If your truly interest let me know  I don't care about you being chubby honey".[74] Subsequent to Mr. Curry indicating that he thought she wanted to have sex with him for money and that he was willing to do that, she again went back to criminal sexual activity with her daughters.[75]  This is sufficient evidence.  The evidence supports the theory that Mr. Curry was seeking sexual relations with an adult female and it was Detective Morgan that initiated the idea of criminal sexual relations with her daughters.

The fourth factor is whether the defendant engaged in the criminal activity for profit.  There was no evidence presented at trial (nor in existence) to show that Mr. Curry was engaged in the criminal activity for profit.  This is sufficient evidence for the instruction.

Finally, the fifth predisposition factor is the nature of the government's inducement or persuasion.  Evidence was presented at trial of the government agent using subtle cues to induce Mr. Curry.  For example, the government agent normalizes the criminal behavior.[76]  She suggests to Mr. Curry that this is a good thing.  She suggests that she

---

[74] *See* Ex. 104 at Bates 158 (pg. 1 of 4).
[75] *See* Exs. 104 and 105.
[76] *See* Exs. 104 and 105 generally.

has done this before and that it is good for her children.  She indicates that she and her sister were raised this way and that she wants her daughters to have the same thing that they did.  She is normalizing the behavior.  When Mr. Curry responds, he indicates that he is willing to help her out.  In addition, it is clear that Mr. Curry is an insecure, lonely person.  Detective Morgan makes it clear that she doesn't mind that he is chubby.  She tells him he looks like a sweetheart when he sends her his picture.  She uses terms of affection such as "hun" and "sweetheart."  Likewise, she knows that he is seeking sexual intercourse with an adult.  She uses the promise of the reward of sexual intercourse (and relations) to steer Mr. Curry into criminal sexual activity with her daughters.  All of this is packaged in a form of inducement and persuasion.  This is sufficient evidence.

Additionally, there was evidence presented to support the theory that the government's conduct created a substantial risk that an otherwise innocent person would commit an offense.  A person's inclinations and fantasies are beyond the reach of the government and are not to be

considered evidence of predisposition.[77]  There is evidence supporting the theory that Mr. Curry's fantasies turned into actions based on the government's conduct.

Finally, without the jury being instructed in regards to an entrapment defense it is the position of the defendant that the Final Instruction No. 9A should not have been given.  This likely had an impact on the jury's conclusion without them being provided with the necessary counterbalance of an entrapment instruction.  The jury was only given an instruction for the government's half of the argument and not the defendant's.  In closing, the government was able to utilize the instruction (and Court's authority) to argue it's theory of guilt while the defendant was prohibited from utilizing an entrapment instruction/defense in arguing his theory of the case to the jury which he was legally entitled to do.

In the interest of justice, Mr. Curry requests the granting of a new trial.

## CONCLUSION

---

[77] *Jacobson v. U.S.,* 503 U.S. 540, 552 (1992); (citing) *Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 67 (1973); *Stanley v. Georgia,* 394 U.S. 557, 565-566 (1969).

1

2   This Court should grant Mr. Curry's motion for a judgment of

3   acquittal, vacate the jury's verdict as to both counts, and dismiss the

4   indictment.  Alternatively, this Court should grant Mr. Curry's motion

5   for a new trial and vacate the jury's verdict because the interests of

6   justice so require.  Respectfully submitted.

7

8

9   Dated:  February 15, 2024.

10

11                    By s/ Craig D. Webster
                          Craig D. Webster,
12                        WSBA# 40064
                          Federal Defenders of Eastern
13                        Washington and Idaho
                          306 East Chestnut Avenue
14                        Yakima, Washington 98901
                          (509) 248-8920
15                        (509) 248-9118 fax
                          Craig_Webster@fd.org
16

17

18                    **Certificate of Service**

19        I hereby certify that on February 15, 2024, I electronically filed the

20   foregoing with the Clerk of the Court using the CM/ECF System, which

21   will send notification of such filing to the following: Michael D. Murphy,

22   Assistant United States Attorney.

23
                          s/ Craig D. Webster
24                        Craig D. Webster

25